IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01127-BNB

JAMES H. HARRELL,

     Plaintiff,

v.

DEPUTY WUNDERLICH,
NURSE JAMES,
NURSE COZY,
PATRICK J. SULLIVAN FACILITY, and
P.J.S. MEDICAL STAFF,

     Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 7 2007

GREGORY C. LANGHAM
              CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE
## AN AMENDED COMPLAINT

---

Plaintiff, James H. Harrell, currently is detained at Arapahoe County Detention Center in Centennial, Colorado. On May 18, 2007, Mr. Harrell initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 alleging that his rights under the United States Constitution have been violated.

The Court must construe the Complaint liberally because Mr. Harrell is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harrell will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient. Defendant Patrick J. Sullivan Facility is not a separate entity from Arapahoe County and, thus, is

not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16

(D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against

Defendant Patrick J. Sullivan Facility must be considered as asserted against Arapahoe

County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C.

§ 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York*

*City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood,*

*Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that

a policy or custom exists and that there is a direct causal link between the policy or

custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

(1989). Mr. Harrell cannot state a claim for relief under § 1983 merely by pointing to

isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must name specific Defendants in the caption who are responsible

for the alleged constitutional deprivations and demonstrate how each named Defendant

personally participated in the asserted claims. Defendant P.J.S. Medical Staff is not a

person for the purpose of a § 1983 action. Plaintiff, therefore, must name as parties to

the action each of the members of the P.J.S. Medical Staff who are responsible for his

constitutional deprivations and demonstrate how each of them personally participated in

the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63

(10th Cir. 1976). To establish personal participation, a plaintiff must show that each

defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473

U.S. 159, 166 (1985). There must be an affirmative link between the alleged

constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, Plaintiff should note that he may use fictitious names, such as "Jane or John Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Harrell shall file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Harrell, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Harrell submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if **within thirty days from the date of this Order** Mr. Harrell fails to file an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED October 17, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 07-cv-01127-BNB

James H. Harrell
Reg. No. 06-0364
PO Box 4918
Centennial, CO 80155-

    I hereby certify that I have mailed a copy of the **ORDER and Prisoner Complaint** to the above-named individuals on _10\17\07_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk